# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EUGENE SMITH,**

      **Plaintiff,**

**v.**                                                   Case No: 6:17-cv-2062-Orl-31DCI

**ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY and TRANSPORTATION SECURITY ADMINISTRATION,**

      **Defendants.**

## ORDER

The Plaintiff filed this suit on November 22, 2017, and the Defendant[1] filed its answer on April 23, 2018. (Doc. 1, Doc. 15). On March 29, 2019, seeking to add affirmative defenses based on evidence obtained through discovery, the Defendant sought leave to file an amended answer. (Doc. 31). Leave was granted, and the Defendant filed its amended answer (Doc. 35) on April 25, 2019. On May 1, without seeking leave of court, the Plaintiff filed an amended complaint (Doc. 40); on May 2, again without seeking leave of court, the Plaintiff filed another amended complaint (Doc. 42).[2]

---

[1] Although the case caption names both the Acting Secretary of the Department of Homeland Security and the Transportation Security Administration, it appears that the Plaintiff only intended to sue the former, while the latter was listed solely to identify the agency within DHS where the Plaintiff had worked. The case caption on the original complaint reads "Defendant" rather than "Defendants." (Doc. 1 at 1). In the portion of that document describing the parties, the acting head of DHS is referred to as "Defendant," but that term is not employed when the Transportation Security Administration is discussed. (Doc. 1 at 2). Accordingly, the Court will dismiss the Transportation Security Administration as a party to this matter.

[2] The Plaintiff did not offer an explanation for the filing of the second amended complaint,

A few days later, the Defendant pointed out that the Case Management and Scheduling Order (Doc. 19), which had been entered on May 30, 2018, had set a deadline of July 18, 2018 for amending pleadings. Declaring that the amended complaint had not been properly filed with leave of Court," the Defendant opted to ignore it. (Doc. 48 at 41). Rather than filing an answer in response to the new pleading, the Defendant filed a motion for summary judgment (Doc. 48) addressed to the original complaint.

On June 5, 2019, the Plaintiff filed the instant motion (Doc. 56) seeking a default judgment pursuant to Federal Rule of Civil Procedure 55 or, in the alternative, judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Magistrate Judge Irick has already denied the motion insofar as it sought default judgment. (Doc. 58). The Court now turns to the request for judgment on the pleadings.

Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted). In his motion, the Plaintiff simply requests judgment pursuant to Rule 12(c), making no effort to set forth the material facts in this dispute, to explain how they have been established as undisputed, or even to provide the legal standards that govern judgment on the pleadings. Thus, the Plaintiff has failed to establish an entitlement to judgment on the pleadings, and the request is due to be denied on the merits.[3]

---

which appears to be identical – down to the date on the Certificate of Service – to the amended complaint filed the previous day. For ease of reference, the Court will refer to the two amended complaints in the singular throughout this order.

[3] The Plaintiff's failure to provide a memorandum of legal authority in support of the request for judgment is also a violation of Local Rule 3.01(a). Moreover, the motion was not timely filed. The Case Management and Scheduling Order set June 3, 2019 as the deadline for dispositive motions, and the Plaintiff's motion was not filed until June 5, 2019. (Doc. 19 at 1).

More fundamentally, the Plaintiff's motion is due to be denied because of its faulty premise. The Plaintiff bases his entitlement to file an amended complaint on Federal Rule of Civil Procedure 15(a)(1), which provides that a party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Because the Defendant filed a responsive pleading (albeit an amended one) on April 25, 2019, the Plaintiff contends that Rule 15(a)(1)(B) gave him the right to file an amended complaint, without leave of court, within 21 days thereafter. However, simply based on the plain language of Rule 15(a)(1)(B), the argument fails. The three-week period in which a party may file an amended pleading without leave of court begins to run on the earlier of (a) the filing of *a* responsive pleading or (b) one of the specified Rule 12 motions. The rule does not provide that every responsive pleading or Rule 12 (b), (e), or (f) motion opens this window. In this case the Defendant filed an answer to the original complaint on April 18, 2018, meaning the Plaintiff's opportunity to amend without leave of court expired on May 9, 2018.

Aside from running afoul of the plain language of the Rule, automatically allowing a plaintiff to file a new complaint whenever a defendant amends its answer would make no sense, particularly in cases such as this one, where the answer was amended solely to add affirmative defenses. In such circumstances, there is no justification for allowing the plaintiff to automatically restart the proceedings by adding additional causes of action.

In consideration of the foregoing, it is hereby

**ORDERED** that the Plaintiff's Amended Complaints (Doc. 40, 42) are **STRICKEN**. And it is further

**ORDERED** that, to the extent it has not already been resolved by Judge Irick, the Plaintiff's Motion for Default Judgment; or, in the Alternative, for a Jury Trial on the Merits of the Amended Complaint (Doc. 56) is **DENIED**. In addition, the Clerk is **DIRECTED** to remove Transportation Security Administration as a party to, and from the caption of, this case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 10, 2019.

*GREGORY A. PRESNELL*
UNITED STATES DISTRICT JUDGE