# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EUGENE SMITH,

        Plaintiff,

v.                                      Case No:   6:17-cv-2062-Orl-31DCI

ACTING SECRETARY, UNITED
STATES DEPARTMENT OF
HOMELAND SECURITY,

        Defendant.

---

## ORDER

This matter comes before the Court without a hearing on the Motion for Summary

Judgment (Doc. 48) filed by the Defendant, Acting Secretary, United States Department of

Homeland Security (henceforth, "DHS"), the response in opposition (Doc. 59) filed by the

Plaintiff, Eugene Smith ("Smith"), and the reply (Doc. 68) filed by DHS.

### I.      Background

The following facts are undisputed.　Smith, an African American male, began working for

the Transportation and Safety Administration ("TSA"), which is part of DHS, in 2007.　In 2011,

while working as a Behavior Detection Officer ("BDO"), Smith presented medical documentation

to DHS establishing that he had injured his back.　Smith's doctor determined that the back injury,

which was not suffered at work, prevented him from lifting more than 40 pounds.　Because BDOs

are sometimes required to move baggage, the ability to lift at least 70 pounds is an essential

function of the BDO position.

To accommodate Smith's medical restriction, DHS gave him a "light duty" assignment, a

temporary assignment for workers who have suffered an off-duty injury.　(Doc. 48-7 at 2).

According to the agency handbook, DHS employees are allowed to remain on light duty for a maximum of 180 days absent "unusual circumstances".[1] (Doc. 48-7 at 6). DHS also offers "limited duty" assignments to employees who have suffered on-the-job injuries that prevent them from performing one or more essential job functions. (Doc. 48-7 at 2). In both instances, the new assignment is structured to accommodate whatever medical restrictions the employee might have – such as, in Smith's case, an inability to lift more than 40 pounds. Limited duty assignments are not subject to any durational time limit.

Smith was originally assigned to light duty for 45 days. Subsequently, his light duty assignment was extended to 180 days. On April 12, 2012, Smith was notified that he had been assigned to light duty for 140 days and that the assignment could not be extended beyond 180 days. On April 30, 2012, Smith was seen again by his doctor, who determined that Smith was still restricted from lifting more than 40 pounds. Smith continued in his light duty assignment until May 22, 2012, when DHS put him on leave without pay ("LWOP") status. He was approved for disability retirement, discharged, and began receiving disability retirement compensation on May 24, 2012.

On November 22, 2017, Smith filed the instant suit, asserting a claim of disparate treatment based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e

---

[1] Smith has not argued that unusual circumstances justifying an extension beyond 180 days existed in his case.

*et seq.*[2]   In essence, he contends that he was fired after 180 days of light duty,[3] while similarly situated white employees were allowed to exceed 180 days of light duty without being fired.

## II.     Legal Standards

### A.     Summary Judgment

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact.   Fed.R.Civ.P. 56(c).   Which facts are material depends on the substantive law applicable to the case.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).   The moving party bears the burden of showing that no genuine issue of material fact exists.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).   In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.   The Court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments.   *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to

---

[2] Originally, Smith also asserted a claim for failure to accommodate his disability in violation of the Americans with Disabilities Act ("ADA").   However, on May 2, 2019, Smith attempted to file an amended complaint (Doc. 42) withdrawing the ADA claim, and his response to the instant motion treats that claim as having been withdrawn.   (Doc. 59 at 6).   Although the Court ultimately did not allow Smith to file the amended pleading, *see* Doc. 60, the Court will treat the ADA claim as having been withdrawn.

[3] In his response to this motion, Smith contends that he served "less than 150" days in light duty.   (Doc. 59 at 5).   However, he does not point to any evidence supporting this contention.

interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553. Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

B. <u>Title VII</u>

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Where, as here, there is no direct evidence of discrimination, a plaintiff may prove discrimination through circumstantial evidence, using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a prima facie case for disparate treatment, Smith must show that "(1) he is a member of a protected class; (2) he was subjected to adverse employment action; (3) his employer treated similarly situated [non-black] employees more favorably; and (4) he was qualified to do the job." *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000). If Smith satisfies these elements, the Defendant must provide a legitimate, nondiscriminatory reason for its action. *Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). If this burden is met, Smith must then prove that the Defendant's reasons are a pretext for unlawful discrimination. *Id.*

### III.  Analysis

The first two elements of Smith's prima facie case are not at issue.   It is undisputed that, (1) as an African American, he is a member of a protected class and (2) he was subjected to adverse employment action when he was discharged after 180 days on light duty.   DHS does challenge the third and fourth elements, arguing that Smith has not shown that any similarly situated white employees were allowed to stay on light duty for more than 180 days, and that Smith's back injury never healed to the point where he could perform the essential functions of the BDO position, such as being able to lift 70 pounds.

Smith does not dispute DHS's contention that he has not produced evidence of similarly situated non-black comparators.   But he argues that DHS is responsible for this failure, and therefore its motion should be denied, because DHS prevented him from reviewing the personnel files of non-black employees that he suspected had received more favorable treatment than he had received.  (Doc. 59 at 15-16).   However, Smith never filed a motion to compel or otherwise sought the Court's assistance in obtaining access to the personnel files during the discovery period, which concluded on May 1, 2019.   Having failed to diligently pursue the evidence that he needed to support his claim, Smith cannot now complain that he never received it.

DHS did produce a summary of (what it believed to be) the pertinent portions of the personnel files of the nine potential comparators identified by Smith.   The summary, which was filed under seal due to privacy concerns,[4] was presented in the form of a declaration from Orlanthia Oliver, a Supervisory Human Resources Specialist who manages the Human Resources Department at Orlando Airport, where Smith had been employed.   According to Oliver's declaration, none of the nine could serve as a valid comparator because, among other issues, eight

---

[4] *See* Doc. 47.

of them never received a light duty assignment, and the ninth spent only 105 days on light duty. Smith complains that reliance on Oliver's declaration violates the best evidence rule, meaning that DHS should have been required to produce the actual personnel files. (Doc. 59 at 17). Not so. The best evidence rule provides that "[a]n original writing, recording, or photograph is required *in order to prove its content* unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002 (emphasis added). DHS is not relying on Oliver's declaration to prove the contents of the various personnel files, and therefore the best evidence rule is inapplicable. Moreover, even if the best evidence rule applied, it would mean only that Oliver's declaration could not be considered by the Court. The burden at this stage is on Smith to produce evidence in support of his *prima facie* case. Getting rid of evidence that supports DHS's arguments does not help Smith in this regard.

Smith has made a number of additional arguments, but upon review the Court finds that they do not warrant discussion. Smith has failed to demonstrate the existence of a genuine issue of material fact as to whether his employer treated similarly situated [non-black] employees more favorably than he was treated by allowing them to remain on light duty for more than 180 days. DHS's motion is therefore due to be granted.

### IV.  Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 48) filed by the Defendant, Acting Secretary, United States Department of Homeland Security, is hereby **GRANTED.** The Clerk is directed to enter judgment in favor of the Defendant and close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 29, 2019.